**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Irving FIRTEL, as Executor of the Estate of Abraham Brown, Deceased, Defendant-Appellant.**

**No. 71-1419**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 29, 1971.

---

* [1]  Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1006**

Sidney A. Soltz, Stanley P. Kaplan, Miami, Fla., for defendant-appellant.

Clemens Hagglund, Asst. U. S. Atty., Chief, Civ. Div., Miami, Fla., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., Robert W. Rust, U. S. Atty., Miami, Fla., Elmer J. Kelsey, John A. Townsend, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The United States sued the estate of Abraham Brown, taxpayer, in the district court, seeking to collect taxes in the amount of $97,000. The government asserted that Brown had been in the business of accepting wagers in the years 1958–62 and that he had failed to pay the annual occupational tax of $50 and the excise tax of ten percent on gross wagers received. After presentation of all the evidence to a jury, the district judge directed a verdict for the government and denied a motion for a new trial. The taxpayer appeals from the directed verdict and the denial of a new trial. We affirm.

In the trial, the government introduced the tax assessments as meeting its burden of proof. The defense called only one witness: Allen, the revenue agent who had recommended an assessment against Brown for the excise taxes on wagers. Allen testified that, because Brown had kept no records of the receipts in his wagering business, the government had relied on an indirect method of computing Brown's wagering receipts. The method was a variation of the "bank deposits plus expenditures" method of reconstructing income. Allen said that he had not made an independent study of Brown's finances. Rather, after determining its general accuracy, he relied on the report of another agent, Tipton. Tipton had made an exhaustive, 1600 hour study of Brown's finances. He had determined the amount of wagers by adding together unexplained bank deposits plus third party checks received plus current expenditures minus expenses, receipts from cashing of checks and non-wagering income. The result was the government's estimate of the amount of wagers taken by Brown.

On appeal, the taxpayer argues that the testimony of the agent showed that the assessment was arbitrary and erroneous and that therefore the case should have been determined by the jury. More specifically, the taxpayer makes three arguments: (1) that the method of computation was improper; (2) that deposits in accounts of Brown's wife and a separate corporation should not have been included; and (3) that receipts from Brown's check cashing business should not have been included.

██ The taxpayer was under a duty to keep adequate records of the wagers he received. See Internal Revenue Code of 1954 §§ 4403, 4423, 6001; Treas.Regs. §§ 44.4403–1 and 44.6001–1. When, contrary to this legislative mandate, a taxpayer fails to keep adequate

records, the Commissioner is authorized to reconstruct the tax base by any reasonable method. This return is prima facie correct. 26 U.S.C. § 6020(b). This rule is not limited to income tax. In this case, the agents recognized that this was not an income tax case by attempting to determine the amount of non-wagering income and subtracting this from gross receipts to determine the amount of wagering receipts.

The taxpayer came forward with no information casting doubt on the Commissioner's assessment. The government did include as part of wagering receipts amounts deposited in the accounts of Brown's wife and of a corporation, Shirley Brown Florists, Inc. The agent studying Brown's finances determined that portions of the deposits in these accounts represented wagering receipts and therefore included the amounts in his computations. He also determined that the amounts he included did not represent gross receipts from a check cashing business or repayment of loans.

The taxpayer put on no evidence to show that any amount included by the government in the gross wagering receipts was in fact attributable to some other source. Rather, the case was confined to asking the testifying agent whether deposits in other accounts were included, whether there had been some evidence that the taxpayer was in the check cashing business, and whether some of the receipts were not repayments of loans. Tipton's report shows that he took account of these factors in making his determination. The report was not shown to be based on an arbitrary formula; nor was any attempt made to show specific errors in the calculation.

It is well established that the Commissioner's determination of taxes is presumed correct and that the taxpayer has the burden of proving it wrong. Mersel v. United States, 5 Cir. 1969, 420 F.2d 517; Cummings v. C. I. R., 5 Cir. 1969, 410 F.2d 675. Here since the taxpayer came forward with no proof of error in the Commissioner's determination, there was no question for the jury to decide. In such a case, a directed verdict is proper.

It is established law that a denial of a motion for a new trial may be overturned only on a showing of an abuse of discretion. See United States v. 41 Cases, More or Less, 5 Cir. 1970, 420 F.2d 1126. There has been no showing of an abuse of discretion in this case.

For the above reasons, the judgment of the district court is affirmed.